Okey, J.
Where no objection is taken by motion ta •quash or by demurrer, the court on error, based on the insufficiency of the indictment, will only inquire whether the facts averred constitute an offense punishable by statute.
Chapter 8, section 39, is evidently a substitute for the first clause of the 20th section of the act of 1870 (67 Ohio B. 106), and hence the clause is repealed thereby. Lehman v. McBride, 15 Ohio St. 573. The remaining part of section 20 falls, in the revision of the laws, under another title,, which could not be submitted for re-enactment at tbp session, ■of 1877, and that is the reason there was no express repeal ■of the section.
. Section 12, of the act of 1831 (S. & C.. 426-429), which, provided for the punishment of obtaining goods by falso pretenses, continued to be a part of that act, though amended, and re-enacted in 1873 (70 Ohio L. 39), and 1877 (74 Ohio *314 L. 41.) While the latter re-enactment has not been in terms repealed, the repeal of the original act by the crimes act (74 Ohio L. 297, par. 22), and the enlargement and re-enactment,, in the crimes act (74 Ohio L. 289), of the provisions of the original section 12, operated as such repeal. State v. Bell, ante, 194.
The statement that the construction of the above men- , tioned sections (20 'and 12) is involved in the inquiry is, therefore, erroneous. The penal provisions which we suppose to be involved in the inquiry, are set forth in the statement of the case, and we will now consider whether the indictment can be maintained under either of them.
1. No offense is charged under chapter 6, section 13. The misdemeanor described in that provision is oppression in office, punishable by fine only.
■2. No offense is charged under chapter 8, section 39. The misdemeanor made punishable' in that provision by fine is non-feasance, and not malfeasance, as charged in this-indictment.
3. No offense is charged under chapter 11, section 6. The crime of receiving “ payment of any such claim,” has-no reference to false orders issued by the auditor, but to-the fraudulent instruments mentioned in the preceding part of the section.
4. No offense is charged under the first clause of chapter-11, section 7. In a prosecution under that clause against one who “ by false pretense, with intent to defraud, obtains from any person anything of value,” it is essential to-the validity of the indictment that it contain an averment,, in terms, that the accused did obtain from another, a thing-of value, as, for instance, a check; or, in place of the word obtain, a word or words of equivalent or larger meaning-may be employed, but the word contained in the statute must be clearly embraced in any such substitute. Poage v. The State, 3 Ohio St. 229; 1 Bishop’s Crim. Pro. § 612, note.
The charge that, by reason of the false pretense, “ House-paid said order by delivering to said George B. Kennedy a. *315 check for two hundred dollars,” is argumentative; but giving to it a construction which is perhaps permissible, it. amounts to an averment of a delivery of the check by House to Kennedy, by reason of the false pretense. House is made the actor. He delivers the check to Kennedy in consequence, directly or indirectly, of something said by Kennedy, who may not have desired a check, or intended to get possession of one. The averment, though entirely proper, (2 Whart. Cr. L. § 2162), is in no sense the equivalent of, or a substitute for, the averment that Kennedy did obtain the check by false pretense. The crime defined in the statute is not that of making a false pretense, but the provision is directed against one who obtains something, or, in other words, one who gets possession of something purposely, by effort, that is, by false pretense. Schleisinger v. The State, 11 Ohio St. 669; Norris v. The State, 25 Ohio St. 217 ; 2 Whart Cr. L. § 2162. Besides, what is even more-obvious, the offense defined by the statute is obtaining the thing mentioned, by means of the false pretense, “ with intent to defraud.” Reading this as an indictment under the-first clause of the section, we find the allegation to be that House paid Kennedy an order by delivering to him a check, with intent to defraud. This, of course, involves an absurdity, and shows conclusively, what abundantly appears-from the whole indictment, that the pleader did not attempt to charge the offense of obtaining the cheek by false pretense, but the offense of procuring a signature, defined in the second clause of the section.
5. Nor is any offense charged under the second clause of the section. The offense under that clause is directed, against one who, “ wnth intent to defraud, . . . procured the signature of any person, as maker, indorser or guarantor thereof, to any bill, bond, receipt, promissory-note, draft, check, or any other evidence of indebtedness.”' The false pretense was that the order was issued on a valid claim, and that he (Kennedy) was authorized to receive payment thereof. The averment is that by reason of the false pretense, House paid the order to Kennedy. What *316 Kennedy applied to House for was payment of the order. The representation he made was that he had authority to receive such payment. Neither the application to House nor the representations to him had relation to a check; much less to a signature to a check. There is, therefore, nothing set forth upon which to ground the averment that by the false pretenses, Kennedy did procure of House his ■signature to the check, with intent to defraud. The signature to the check was an incident of, and not the end in fact sought, or to which the pretenses related, and hence the offense charged is not the one inhibited by the statute.
The conclusion to which we are led is that the indictment charges no offense. If the indictment had contained the averment that Kennedy, by means of the false pretenses, obtained the check from House, with intent to defraud, it would have been sufficient; but it contains no •such averment.

Judgment reversed.

McIlvaine. J., dissented, on the ground that the offense •of obtaining the check by false pretenses is sufficiently •charged.